IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ms. Felicia Richard,<br><br>       Plaintiff,<br><br>   v.<br><br>Georgetown County Board of Disabilities and Special Needs, Executive Director Elizabeth Krauss, RN- Eileen Kaczor, Human Resource Director- Judy Leigh-Boone, and Financial Director- Kathy Gray,<br>       Defendants. | C/A No.: 2:25-cv-04048-DCN-MHC<br><br>COMPLAINT<br>Jury Trial Requested |

INTRODUCTION

Plaintiff, Ms. Felicia Richard, by and through her undersigned Counsel, hereby asserts the following Causes of Action for Race Discrimination and Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, against Defendant Georgetown County Board of Disabilities and Special Needs, Defendant Executive Director Elizabeth Krauss, and Defendant RN-Eileen Kaczor. Plaintiff asserts a violation of FMLA against Defendant Georgetown County Board of Disabilities and Special Needs and Defendant Executive Director Elizabeth Krauss. Plaintiff also asserts Breach of Contract against Defendant Georgetown County Board of Disabilities and Special Needs and Civil Conspiracy as to Executive Director- Elizabeth Krauss, RN-Eileen Kaczor, Human Resource Director- Judy Leigh-Boone, and Financial Director- Kathy Gray, in their individual capacities, based on the following allegations.

ADMINISTRATIVE CHARGE

The Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for

1

the maintenance of this Action, as described below:

    a. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on June 20, 2024.

    b. Plaintiff <u>received</u> a Notice of Right to Sue from the EEOC on February 13, 2025.

Plaintiff has timely filed this action within (90) days from the date on which she received her Notice of Right to Sue.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under Title VII of the Civil Rights Act of 1964, as amended, and other Federal statutes. This Court also has pendant, ancillary, and supplementary jurisdiction over so much of this action as it is based on State law.

2. Venue is proper in the Charleston Division because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where the Defendants do business and may be found.

## PARTIES

3. Plaintiff is a State of South Carolina citizen and resides in Georgetown, South Carolina.

4. Upon information and belief, Georgetown County Board of Disabilities and Special Needs, is located in Georgetown, South Carolina, is an institution conducting business and operations in the state of South Carolina, having agents, employees, offices, or properties in Georgetown, South Carolina, within the Judicial District. At all times relevant to this Complaint, Defendant Georgetown County Board of Disabilities and Special Needs acted by and through its agents, servants, employees, and/or officers. Defendant Georgetown

County Board of Disabilities and Special Needs is legally organized and exists under the Code of Laws of the State of South Carolina.

5. Upon information and belief, Defendant Elizabeth Krauss is a State of South Carolina citizen, residing in Georgetown County.

6. Upon information and belief, Defendant Eileen Kaczor is a State of South Carolina citizen, residing in Georgetown County.

7. Upon information and belief, Defendant Judy Leigh-Boone is a State of South Carolina citizen, residing in Georgetown County.

8. Upon information and belief, Defendant Kathy Gray is a State of South Carolina citizen, residing in Georgetown County.

## STATEMENT OF FACTS

9. Plaintiff is a fifty-two-year-old African American female who diligently worked for Defendant Georgetown County Board of Disabilities and Special Needs for nearly seven and a half years beginning in August of 2016 as a Lead Nurse. Plaintiff tirelessly advocated for the health and well-being of her patients to promote secure and professional medical attention.

10. The Plaintiff always prided herself on being an exemplary employee and has never received any disciplinary action regarding her performance or interactions with her co-workers, supervisors, or previous department heads.

11. The Plaintiff asserts that her work environment and staffing patterns for Defendant Georgetown County Board of Disabilities and Special Needs were never completely filled with adequate nursing support personnel.

12. Regardless of the shortage of staffing personnel, Plaintiff continued to do her job to the

3

best of her abilities, which included being "on-call" from Monday to Monday despite being paid for only 40 hours a week and cutting time from her work shift if Plaintiff worked over 40 plus hours in a week despite Plaintiff being an exempt salaried employee at the time. Plaintiff was never placed on a non-exempt status, even though Plaintiff requested such a status change, as opposed to her Caucasian counterpart, Defendant Eileen Kaczor (WF), who could request such a status change but had less experience and training than Plaintiff. Defendant Elizabeth Krauss deliberately did this to diminish Plaintiff's authority and benefits as an African American Lead Nurse over Defendant Kaczor (WF).

13. Beginning in January of 2022, after Plaintiff's numerous requests to HR and several of Plaintiff's directors for extra support staff to accommodate the needs of patients and the "on call" duty assignments, Defendant Elizabeth Krauss (WF) and other management officials failed to provide Plaintiff with such adequate support until September of 2023.

14. Despite Plaintiff's needs going unanswered for an extended period of time, Plaintiff continued to work and provide the utmost care for her patients while under medical care from back surgery she had in 2022.

15. In September of 2023, Plaintiff's Supervisor, Stacey Jordan, informed Plaintiff that the Executive Director, Defendant Elizabeth Krauss (WF) was hiring a Registered Nurse, Defendant Eileen Kaczor (WF), who was a friend of the Executive Director's neighbor to assist Plaintiff with the "on-call" duty assignments and some of her duties despite Plaintiff's Supervisor, Stacey Jordan stating that there was no need for additional help for Plaintiff notwithstanding the numerous requests Plaintiff had made to her previously about the crucial need for additional help within Plaintiff's department.

16. However, to Plaintiff's shock and dismay, this position was neither advertised nor supposedly subject to an interview by Plaintiff or her African American Supervisor, Stacey Jordan.

17. In fact, Plaintiff's Supervisor, Stacey Jordan, questioned the hiring of Defendant Eileen Kaczor in conversations with Plaintiff. Stacey Jordan, unfortunately, relayed that the hiring decision rested solely with Defendant Executive Director Elizabeth Krauss.

18. Shortly after Defendant Kaczor was hired, Plaintiff began to observe that Defendant Kaczor refused to take directives from her including being trained by Plaintiff, that she questioned Plaintiff regarding the need for her to be "on-call" and disregarded any directives from Plaintiff as it related to nursing protocol, patient care, and overall job interaction with Plaintiff.

19. Plaintiff asserts that Defendant Kaczor deliberately undermined Plaintiff's authority and forced Plaintiff to continue to complete a majority of the "on-call" duties by herself.

20. Subsequently, Plaintiff followed the chain of command and complained that her work environment had become hostile, confrontational, and stressful upon Defendant Kaczor's arrival.

21. To Plaintiff's disarray and dismay, no action was taken by Defendant to help Plaintiff. As a result, the Plaintiff sought medical attention for the stress and hostile work environment.

22. After meeting with her medical provider, Plaintiff was placed on FMLA from February 28, 2024, through March 31, 2024. Unfortunately, even though Plaintiff's FMLA was approved by her medical provider, it was not well accepted by Plaintiff's supervisors.

23. In fact, during Plaintiff's time on FMLA, Plaintiff was called and questioned as to her

work, which intensified Plaintiff's overall stress and anxiety during her time of medical recuperation.

24. In addition to Defendant Georgetown County Board of Disabilities and Special Needs and its agents' blatant disregard for Plaintiff's protected rights under FMLA, Defendants failed to provide Plaintiff, as required by Plaintiff's Employee Handbook, her annual evaluations. It was not until May 2024 that Defendants gave Plaintiff an evaluation.

25. Plaintiff asserts that Defendants' failure to provide evaluations to Plaintiff was direct retaliation by Defendant after Plaintiff internally complained about the racially hostile work environment and her request for FMLA. As a result, this escalated the Plaintiff's medical condition, leading to stress, anxiety, and fear of job loss.

26. Plaintiff returned to work from FMLA on April 8, 2024, after a week of approved vacation that commenced on April 1, 2024, which was subsequently questioned by management and the Plaintiff's direct supervisors.

27. Between April 8, 2024, and Plaintiff's constructive termination on June 3, 2024, Plaintiff's work life began to deteriorate drastically. During this time, Defendant Krauss failed to require Defendant Kaczor to work Monday to Monday but instead three days of calls, forcing Plaintiff to cover all "on-call" duties. Defendant Kaczor was subsequently given free rein to continue to make disparaging remarks to Plaintiff.

28. As a result of the Defendants' continued efforts to make Plaintiff's work environment so hostile, Plaintiff was left with no other choice but to resign on June 3, 2024, for the sake of her physical and mental health.

29. Therefore, Plaintiff asserts that her protected rights under Title VII of the Civil Rights Act of 1964, as amended, were violated by Defendants on the basis of her Race. Plaintiff

6

further asserts that Defendants violated her rights under the FMLA statute and Retaliation as a result of Plaintiff's internal complaints as stated above.

## FIRST CAUSE OF ACTION

Race Discrimination and Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, against Defendant Georgetown County Board of Disabilities and Special Needs, Defendant Elizabeth Krauss, and Defendant RN-Eileen Kaczor

30. Plaintiff reiterates and fully incorporates each and every assertion set forth above as if repeated verbatim herein.

31. Plaintiff is a member of a protected class on the basis of her Race (African American).

32. Plaintiff alleges that Defendant Georgetown County Board of Disabilities and Special Needs, through its agents Krauss and Kaczor, initiated discriminatory practices against Plaintiff based upon her Race, including but not limited to:

    A. Requiring Plaintiff to work 40-plus hour shifts to support "on-call" duty assignments when Plaintiff repeatedly requested additional help to support such staffing needs.

    B. Failing to allow Plaintiff the opportunity to change her position status to non-exempt after several requests from Plaintiff compared to Plaintiff's Caucasian counterpart, Defendant Kaczor, who was initially hired as non-exempt.

33. Plaintiff was subjected to Race Discrimination and Retaliation on the basis of her Race, resulting from racially hostile treatment by Defendant Kaczor, which Defendant Georgetown County Board of Disabilities and Special Needs and Defendant Krauss condoned in violation of Title VII of the Civil Rights Act of 1964, as amended.

34. Defendant Georgetown County Board of Disabilities and Special Needs, by and through its agents, began a pattern and practice of enabling Defendant Kaczor's racially hostile behavior towards Plaintiff and disregarding Plaintiff's complaints of racial hostility and

7

insubordination.

35. Upon information and belief, Plaintiff's Caucasian colleagues of similar title, responsibility, and authority were not forced to be "on-call" 24/7. They did not have the extensive staffing and personnel issues that Plaintiff had to endure.

36. Furthermore, none of Plaintiff's Caucasian colleagues of similar title, responsibility, and authority were not subjected to such hostile and racial treatment, and Defendant Georgetown County Board of Disabilities and Special Needs made no efforts to protect Plaintiff from such an environment orchestrated by Defendants Krauss and Kaczor.

37. The Plaintiff alleges that this racially hostile treatment on the job was continuous and occurred on a nearly daily basis.

38. Defendant Georgetown County Board of Disabilities and Special Needs was well aware of Plaintiff's concerns following multiple verbal/written complaints by Plaintiff. Moreover, Defendant Georgetown County Board of Disabilities and Special Needs' policies and procedures, for which Plaintiff relied, provided assurances that Plaintiff's complaints would be addressed. However, Defendant Georgetown County Board of Disabilities and Special Needs failed to follow through on those promises in any substantive or meaningful way. In fact, the Defendant, Georgetown County Board of Disabilities and Special Needs, breached its own policies and procedures through its Handbook.

39. Further, Plaintiff alleges that Defendant Georgetown County Board of Disabilities and Special Needs, through its agents, Defendants Krauss and Kaczor, initiated discriminatory and hostile practices against Plaintiff that were reckless and wanton including:

 a. Continuing to permit Defendant Kaczor's unwelcome, unwarranted, and consistent racial hostility and disparaging comments toward Plaintiff.

 b. Failing to provide Plaintiff with her annual evaluations regarding Plaintiff's job performance until May 2024.

 c. Failing to provide Plaintiff with adequate staff personnel to support the needs of her department and allowing such needs to go unanswered for an extended period, forcing Plaintiff to work overtime.

 d. Continuing to allow Defendant Kaczor's racially hostile, insubordinate, and egregious practices while Plaintiff's similarly situated Caucasian colleagues were exempt from such treatment.

 e. Allowing Defendant Kaczor to implement neglectful practices towards patients such as:

  1. Failing to follow up on the concerns of patients.

  2. Administering PPD a month in advance, forcing staff to become non-compliant.

  3. Refusing to call EMS on telehealth patients whose physician recommended such treatment.

40. By knowingly allowing such blatant and pervasive racial hostility and discrimination to exist, Defendant Georgetown County Board of Disabilities and Special Needs effectively created and condoned the same; and Plaintiff's job performance and effectiveness were negatively impacted as a consequence.

41. Further, Defendant Georgetown County Board of Disabilities and Special Needs, by and through Defendant Krauss and Kaczor, retaliated against Plaintiff for complaining to her chain of command about such racially discriminatory hostility, via its discriminatory and

racially adverse treatment of Plaintiff. Moreover, Defendants' retaliatory conduct towards Plaintiff occurred and/or intensified in a close temporal proximity to Plaintiff's initial and subsequent complaints.

42. But for Defendant Georgetown County Board of Disabilities and Special Needs' conduct, by and through Defendants Krauss and Kaczor, Plaintiff would not have been forced to endure Race Discrimination, Retaliation, and a constructive termination.

43. By failing to protect Plaintiff from Defendant Kaczor's and Krauss's racially motivated hostility and retaliation, Defendant Georgetown County Board of Disabilities and Special Needs acted with malice and recklessness indifference to Plaintiff's federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C §2000, et seq.), the South Carolina Human Affairs Law, and the United States Equal Employment Opportunity Laws.

44. As a result of Defendants' racially discriminatory conduct, accompanied by Plaintiff's continuous and ongoing exposure to the same, Plaintiff has suffered damages in the form of actual, compensatory, consequential, physical, mental, emotional, and other damages. Plaintiff further believes she should be awarded actual damages and punitive damages against Defendants due to their unlawful discriminatory treatment of Plaintiff under Title VII.

<u>SECOND CAUSE OF ACTION</u>

Violation of the Family Medical Leave Act as to Defendant Georgetown County Board of Disabilities and Special Needs

45. Plaintiff reiterates and fully incorporates each and every assertion set forth above as if repeated verbatim herein.

46. Plaintiff is a covered employee as defined under the Family Medical Leave Act.

47. On February 28, 2024, Plaintiff was given leave time in accordance with the Defendants' policies.

48. When the Plaintiff was informed by her medical provider that she should use FMLA, she promptly filed an appropriate leave request as required under the Act.

49. Thereafter, Plaintiff was questioned by her direct supervisors, Stacey Jordan and Defendant Krauss, about her work during her leave as a form of retaliation for Plaintiff's initial complaints about the racially hostile and discriminatory environment Plaintiff was subjected to.

50. As a retaliatory result of Plaintiff's internal complaints and request for leave, Plaintiff's issues with her work environment were left unanswered, forcing her to endure a racially hostile work environment.

51. Therefore, Plaintiff respectfully requests this Court to grant all damages as appropriate in this Action, including punitive damages.

## THIRD CAUSE OF ACTION

Breach of Contract as to Defendant Georgetown County Board of Disabilities and Special Needs

52. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

53. Upon information and belief, Defendant Georgetown County Board of Disabilities and Special Needs maintains a Handbook of policies and procedures regarding conduct in the workplace, anti-discrimination, harassment, investigation, and/or other policies and procedures which applied to Plaintiff.

54. Plaintiff relied on Defendant Georgetown County Board of Disabilities and Special Needs' reassurances that it would act pursuant to both its expressed and implied policies and procedures concerning conduct in the workplace, anti-discrimination, investigation of reported violations, harassment, and other workplace policies and procedures.

55. Plaintiff performed her job duties in an exemplary manner and with due diligence at all times.

56. However, Defendant Georgetown County Board of Disabilities and Special Needs, through its agents, failed to perform its contractual duties by:

    a. Racially discriminating against Plaintiff in her requests for staff personnel for assistance with "on-call" duties.

    b. Forcing Plaintiff to work 24/7 shifts as compared to her Caucasian counterparts without just compensation.

    c. Failing to protect Plaintiff from the retaliatory actions of its agents and ultimately retaliating against Plaintiff due to her protected complaints as stated above.

57. Additionally, Defendant Georgetown County Board of Disabilities and Special Needs failed to provide Plaintiff with any evaluations as required in the Defendant's Handbook until May of 2024.

58. Defendant Georgetown County Board of Disabilities and Special Needs also failed to fully and completely investigate Plaintiff's protected complaints in accordance with its own policies regarding standards, despite Plaintiff's multiple reports of compliance violations of the same.

59. All of these actions breach the contractual anti-discrimination provisions within Defendant Georgetown County Board of Disabilities and Special Needs' Employment Handbook

(contract), its anti-discrimination and anti-harassment policies, workplace conduct policy, and other contractual policies and procedures.

60. Further, Defendant Georgetown County Board of Disabilities and Special Needs breached its contractual policies and procedures by failing to treat Plaintiff equally to its Caucasian employees as stated more fully above.

61. Defendant Georgetown County Board of Disabilities and Special Needs, and its agents, had a responsibility to ensure that Plaintiff would not be subjected to Race Discrimination.

62. Instead, Defendant Georgetown County Board of Disabilities and Special Needs permitted its agents to not only racially discriminate against Plaintiff but also allowed them to retaliate against Plaintiff when she properly submitted complaints through its chain of command, as instructed in its own written policies and procedures. Moreover, Defendant Georgetown County Board of Disabilities and Special Needs then failed to treat Plaintiff similarly to her Caucasian counterparts under like scenarios, all in violation of the contractual guarantees provided to Plaintiff by Defendant Georgetown County Board of Disabilities and Special Needs in its Employment Handbook and other contractual documents.

63. Defendant Georgetown County Board of Disabilities and Special Needs' conduct, by and through its agents, was done both in bad faith and in violation of the implied covenant of good faith and fair dealings that is implied in every employment contract.

64. As a result of Defendant Georgetown County Board of Disabilities and Special Needs' breach of contract, the Plaintiff has suffered actual, compensatory, physical, mental, emotional, and consequential damages stemming from the breach and other such damages as are allowable by law.

FOURTH CAUSE OF ACTION

Civil Conspiracy as to Defendants Executive Director-Elizabeth Krauss, RN-Eileen Kaczor, Human Resource Director Judy Leigh-Boone, and Financial Director-Kathy Gray, in their individual capacities.

65. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

66. Defendants Krauss and Kaczor planned and conspired with each other to force Plaintiff's constructive termination by pretextually creating a hostile work environment for Plaintiff through the allowance of Defendant Kaczor's disparaging racial remarks and undermining Plaintiff's authority as Lead Nurse.

67. Between January of 2022 and September of 2023, Plaintiff's Supervisor Stacey Jordan, Residential Director Brandon Brown and Residential Coordinator Tieshia McGill were ordered by Defendants Elizabeth Krauss, Judy Leigh-Boone and Kathy Gray to force Plaintiff to be "on-call" from Monday to Monday with no help even after Plaintiff requested on several occasions to Defendants the need for and importance of receiving more staff personnel in her department to help with "on-call" duties. While Jordan, Brown, and McGill are African Americans, they had no final decision-making authority to alter the "on-call" status, and their relationship regarding the conspired attempts of Krauss and Kaczor meant that they were powerless to circumvent the decision-making of the higher-level conspirators on the "on-call" status. Plaintiff asserts that this Cause of Action of Conspiracy applies only to the higher-level named Defendants.

68. Defendants Boone and Gray were well aware of the number of hours Plaintiff worked as a result of staffing shortages, as they were keeping track of Plaintiff's time.

14

69. The Defendants conspired with one another to increase the workload on Plaintiff for the express purpose of painting in a negative light and forcing her constructive termination from Defendant Georgetown County Board of Disabilities and Special Needs.

70. Defendants Krauss and Boone were aware of Plaintiff's concerns about the hostile work environment she was subjected to through Defendant Kaczor's actions, but Defendants deliberately ignored Plaintiff's concerns to force her constructive termination.

71. The natural consequence of the Defendants' combined actions caused special damages to the Plaintiff apart from any other damages placed herein. Specifically, the acts in the furtherance of this conspiracy, as alleged, have and will continue to cause Plaintiff special damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and further non-pecuniary losses.

72. Accordingly, due to the acts of Defendant and its agents, Plaintiff is entitled to injunctive relief and civil damages from the Defendants.

## JURY TRIAL REQUESTED

1. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

2. **WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendant Georgetown County Board of Disabilities and Special Needs, Elizabeth Krauss, Eileen Kaczor, Judy Leigh-Boone, and Kathy Gray's actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

    a. Declaring the actions complained of herein illegal;

b. In favor of Plaintiff and against the Individual Defendants for all causes of action herein alleged in an amount which is fair, just, and reasonable, and for actual, compensatory, special, and punitive damages;

c. In favor of Plaintiff and against the Defendants for all causes of action in an amount which is fair, just, and reasonable;

d. Issuing an injunction enjoining Defendants, their Agents, Employees, Successors, Attorneys and those acting in concert or participation with Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of Title VII of the Civil Rights Act of 1964, as amended (Race Discrimination/Retaliation), FMLA, Breach of Contract and Civil Conspiracy and the common laws of the State of South Carolina;

e. Awarding Plaintiff actual and compensatory damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of Defendants' unlawful discriminatory actions taken as a result of Plaintiff's Race and other pled causes of action, including: physical and mental anguish, pain and suffering, harm to Plaintiff's economic opportunities (present and future), any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits and retirement benefits;

f. Awarding Plaintiff her costs and expenses in this action, including reasonable Attorney's fees, and other litigation expenses; and

g. Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

       Respectfully Submitted,

       _____s/Donald Gist_____
       Donald Gist (13098)
       ***GIST LAW FIRM, P.A.***
       4400 North Main Street
       Columbia, South Carolina 29203
       Tel. (803) 771-8007
       Fax (803) 771-0063
       Email: dtommygist@yahoo.com

       ***Attorney for Plaintiff***

May 14, 2025